**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No._____

MCWHINNEY HOLDING COMPANY, LLLP, a Colorado Limited Liability Limited Partnership,
MCWHINNEY CENTERRA LIFESTYLE CENTER, LLC, a Colorado Limited Liability Company

    Plaintiffs,

v.

G. DAN POAG,
TERRY W. McEWEN,
JOSHUA D. POAG, individually, and in his official capacity as co-trustee of the Josh and Chloee Poag 2004-GST Exempt Trust and the Josh and Dan Poag 2004-GST Exempt Trust,
THOMAS M. SULLIVAN, in his official capacity as co-trustee of the Josh and Chloee Poag 2004-GST Exempt Trust, the Jeremy and Chloee Poag 2004-GST Exempt Trust, the Mark and Chloee Poag 2004-GST Exempt Trust, the Josh and Dan Poag 2004-GST Exempt Trust, the Jeremy and Dan Poag 2004-GST Exempt Trust, and the Mark and Dan Poag 2004-GST Exempt Trust,
JEREMY M. POAG, in his official capacity as co-trustee of the Jeremy and Chloee Poag 2004-GST Exempt Trust and the Jeremy and Dan Poag 2004-GST Exempt Trust,
D. MARK POAG, in his official capacity as co-trustee of the Mark and Chloee Poag 2004-GST Exempt Trust and the Mark and Dan Poag 2004-GST Exempt Trust,
POAG & McEWEN LIFESTYLE CENTERS - CENTERRA, LLC, a Delaware Limited Liability Company,
POAG & McEWEN LIFESTYLE CENTERS, LLC, a Delaware Limited Liability Company,
POAG LIFESTYLE CENTERS, LLC, a Delaware Limited Liability Company,
POAG SHOPPING CENTERS, LLC, a Delaware Limited Liability Company,
POAG & McEWEN LIFESTYLE SHOPPING CENTERS, LLC, a Delaware Limited Liability Company,
POAG BROTHERS, LLC, a Tennessee Limited Liability Company,
DOE INDIVIDUALS 1-10,
DOE TRUSTS 11-30,
ROE CORPORATIONS 31-60,

    Defendants.

_____
NOTICE OF REMOVAL
_____

Pursuant to 28 U.S.C. § 1332, § 1441 and § 1446, Defendant Poag Shopping Centers, LLC petitions this Court to accept the removal of this action from the District Court, County of Larimer, State of Colorado, where the action is now pending in the case captioned *McWhinney Holding Company, LLLP, et al. v, G. Dan Poag, et al.*, Case No. 2017CV30940 (the "State Action"), on the following grounds:

1. The Complaint and Summons issued in the State Action were served upon National Registered Agents, Inc. as the Registered Agent of Defendant Poag Shopping Centers, LLC ("PSC") in Dover, Delaware on November 8, 2017.

2. This Notice of Removal is being filed within 30 days from Defendant PSC's receipt by service of the Complaint and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant PSC are attached hereto. The Complaint is attached hereto as **Exhibit A1**; the District Court Civil Summons is attached hereto as **Exhibit A2**; and the Civil Case Cover Sheet is attached hereto as **Exhibit A3**. Copies of all affidavits of service/returns of service filed in the State Action are attached hereto as **Exhibit B**.

4. The Complaint alleges claims for fraudulent concealment, fraudulent misrepresentation, breach of fiduciary duty, civil conspiracy, fraudulent transfer pursuant to C.R.S. § 38-8-108, and declaratory relief pursuant to C.R.S. §§ 13-51-101, *et seq.,* and Colo. R. Civ. P. 57.

## **The Plaintiffs**

5. As alleged in the Complaint, Plaintiff McWhinney Holding Company, LLLP is a Colorado limited liability limited partnership, and Plaintiff McWhinney Centerra Lifestyle Center, LLC is a Colorado limited liability company.

6. "(T)he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members"; therefore courts must look to the citizenship of each member of the company. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Johnson v. Columbia Properties Anchorage, LP* 437 F.3d 894, 899 (9th Cir. 2006). If any member of a limited liability company is itself a partnership or association, or another LLC, the court must know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F3d 354, 356 (6th Cir. 2010).

7. For partnerships, citizenship for diversity purposes is determined by examining the citizenship of all of its partners—not the location of the entity itself. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). In suits by or against a partnership, the citizenship of <u>all</u> partners—general and limited—is attributed to the partnership for diversity purposes. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-196 (1990).

8. Plaintiff McWhinney Centerra Lifestyle Center, LLC's sole member is McWhinney Holding Company, LLLP.

9. McWhinney Holding Company, LLLP is held by Troy C. McWhinney and Chad C. McWhinney. Chad C. McWhinney's interest in McWhinney Holding Company, LLLP is held individually in part and in part by CCM Trust, of which Chad. C. McWhinney is the trustee and his former spouse and children are the beneficiaries. Troy C. McWhinney and Chad C. McWhinney, as well as Chad C. McWhinney's former

spouse and children, are all domiciled in and citizens of the State of Colorado. Therefore, for purposes of diversity jurisdiction, Plaintiffs McWhinney Centerra Lifestyle Center, LLC and McWhinney Holding Company, LLLP are each citizens of the State of Colorado.

**The Defendants**

*a. The Individual Defendants*

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit was filed. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

11. Plaintiffs have named three individuals as defendants—G. Dan Poag; Joshua D. Poag; and Terry W. McEwen (the "Individual Defendants"). Joshua D. Poag is domiciled in and a citizen of the State of Tennessee; Terry W. McEwen is domiciled in and a citizen of the State of Utah; and G. Dan Poag is domiciled in and a citizen of the State of Tennessee.

12. The Individual Defendants are therefore all diverse from Plaintiffs.

*b. The Trustee Defendants*

13. When a trustee is a party to litigation, it is the trustee's citizenship that controls for purposes of diversity jurisdiction. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015), *as amended* (Jan. 27, 2015), *cert. granted*, 136 S. Ct. 27, 192 L. Ed. 2d 997 (2015), and *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016). When the trust itself is party to the litigation, the citizenship of the trust is derived from all the trust's "members", or beneficiaries. *Id.*

14. Plaintiffs have named four trustees acting in their capacity for six separate trusts as defendants, each of whom was named in his own name— Joshua D. Poag, in his official capacity as co-trustee of the Josh and Chloee Poag 2004-GST Exempt Trust and the Josh and Dan Poag 2004-GST Exempt Trust; Thomas M. Sullivan, in his official capacity as co-trustee of the Josh and Chloee Poag 2004-GST Exempt Trust, the Jeremy and Chloee Poag 2004-GST Exempt Trust, the Mark and Chloee Poag 2004-GST Exempt Trust, the Josh and Dan Poag 2004-GST Exempt Trust, the Jeremy and Dan Poag 2004-GST Exempt Trust, and the Mark and Dan Poag 2004-GST Exempt Trust; Jeremy M. Poag, in his official capacity as co-trustee of the Jeremy and Chloee Poag 2004-GST Exempt Trust and the Jeremy and Dan Poag 2004-GST Exempt Trust; and D. Mark Poag, in his official capacity as co-trustee of the Mark and Chloee Poag 2004-GST Exempt Trust and the Mark and Dan Poag 2004-GST Exempt Trust (the "Trustee Defendants"). Because the Trustee Defendants are named individually as trustees, it is the individual citizenship of each that controls for purposes of diversity jurisdiction.

15. The individuals identified by Plaintiffs as the co-trustees of the various trusts are not the correct trustees for the respective trusts. Jeremy M. Poag, D. Mark Poag and Joshua D. Poag are each co-trustees of the Mark and Chloee Poag 2004-GST Exempt Trust; the Josh and Chloee Poag 2004-GST Exempt Trust; the Jeremy and Chloee Poag 2004-GST Exempt Trust; the Mark and Dan Poag 2004-GST Exempt Trust; the Josh and Dan Poag 2004-GST Exempt Trust; and the Jeremy and Dan Poag 2004-GST Exempt Trust.

16. As stated in Paragraph 11, above, Joshua D. Poag is domiciled in the State of Tennessee; therefore, he is a citizen of Tennessee and diverse from Plaintiffs.

17. Jeremy M. Poag is an individual who is domiciled in the State of Washington; therefore, he is a citizen of Washington and diverse from Plaintiffs.

18. D. Mark Poag is an individual who is domiciled in the State of Texas; therefore, he is a citizen of Texas and diverse from Plaintiffs.

19. As of the date of the filing of the Complaint in the State Action, Thomas M. Sullivan was not a co-trustee of any of the identified trusts. However, for purposes of removal, Thomas M. Sullivan is an individual who is domiciled in the State of Tennessee; therefore, he is a citizen of Tennessee and diverse from Plaintiffs.

20. Based on the above, each of the Trustee Defendants is diverse from Plaintiffs.

### *c.* **The LLC Defendants**

21. "(T)he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members"; therefore courts must look to the citizenship of each member of the company. *See Cosgrove v. Bartolotta*, *supra*, 150 F.3d at 731. If any member of a limited liability company is itself a partnership or association (or another LLC), the court must know the citizenship of each "submember" as well. *V & M Star, LP v. Centimark Corp.*, *supra*, 596 F3d at 356.

22. Plaintiffs have named six limited liability companies as defendants—Poag & McEwen Lifestyle Centers – Centerra, LLC; Poag & McEwen Lifestyle Centers, LLC; Poag Lifestyle Centers, LLC; Poag Shopping Centers, LLC; Poag & McEwen Lifestyle Shopping Centers, LLC; and Poag Brothers, LLC (the "LLC Defendants").

23. Poag & McEwen Lifestyle Centers, LLC is a Delaware limited liability company with fourteen members. The identity and citizenship for diversity purposes of Poag & McEwen Lifestyle Centers, LLC's members are as follows:

(1) Terry McEwen is an individual who is domiciled in and a citizen of the State of Utah;

(2) Josh and Chloee Poag 2004 GST-Exempt Trust is a Tennessee trust whose co-trustees are D. Mark Poag, an individual who is domiciled in and a citizen of the State of Texas; Joshua D. Poag, an individual who is domiciled in and a citizen of the State of Tennessee; and Jeremy M. Poag, an individual who is domiciled in and a citizen of the State of Washington. The beneficiaries of the Josh and Chloee Poag 2004 GST-Exempt Trust are Chloee Poag, Jr., Joshua D. Poag, and Joshua D. Poag's issue, each of whom is domiciled in and a citizen of the State of Tennessee.

(3) Jeremy and Chloee Poag 2004 GST-Exempt Trust is a Tennessee trust whose co-trustees are D. Mark Poag, an individual who is domiciled in and a citizen of the State of Texas; Joshua D. Poag, an individual who is domiciled in and a citizen of the State of Tennessee; and Jeremy M. Poag, an individual who is domiciled in and a citizen of the State of Washington. The beneficiaries of the Jeremy and Chloee Poag 2004 GST-Exempt Trust are Chloee Poag, Jeremy M. Poag, and Jeremy M. Poag's issue. Chloee Poag is domiciled in and a citizen of the State of Tennessee; Jeremy M. Poag is domiciled in and a citizen of the State of Washington; and Jeremy M. Poag does not have children.

(4) Mark and Chloee Poag 2004 GST-Exempt Trust is a Tennessee trust whose co-trustees are D. Mark Poag, an individual who is domiciled in and a citizen of the State of Texas; Joshua D. Poag, an individual who is domiciled in and a citizen of the State of Tennessee; and Jeremy M. Poag, an individual who is domiciled in and a citizen of the State of Washington. The beneficiaries of the Mark and Chloee Poag 2004 GST-Exempt Trust are Chloee Poag, Jr., D. Mark Poag, and D. Mark Poag's issue.

Chloee Poag is domiciled in and a citizen of the State of Tennessee; and D. Mark Poag and his children are domiciled in and are citizens of the State of Texas.

(5) Josh and Dan Poag 2004 GST-Exempt Trust is a Tennessee trust whose co-trustees are D. Mark Poag, an individual who is domiciled in and a citizen of the State of Texas; Joshua D. Poag, an individual who is domiciled in and a citizen of the State of Tennessee; and Jeremy M. Poag, an individual who is domiciled in and a citizen of the State of Washington. The beneficiaries of the Josh and Dan Poag 2004 GST-Exempt Trust are G. Dan Poag, Jr., Joshua D. Poag, and Joshua D. Poag's issue, each of whom is domiciled in and a citizen of the State of Tennessee.

(6) Jeremy and Dan Poag 2004 GST-Exempt Trust is a Tennessee trust whose co-trustees are D. Mark Poag, an individual who is domiciled in and a citizen of the State of Texas; Joshua D. Poag, an individual who is domiciled in and a citizen of the State of Tennessee; and Jeremy M. Poag, an individual who is domiciled in and a citizen of the State of Washington. The beneficiaries of the Jeremy and Dan Poag 2004 GST-Exempt Trust are G. Dan Poag, Jr., Jeremy M. Poag, and Jeremy M. Poag's issue. G. Dan Poag, Jr. is domiciled in and a citizen of the State of Tennessee; Jeremy M. Poag is domiciled in and a citizen of the State of Washington; and Jeremy M. Poag does not have children.

(7) Mark and Dan Poag 2004 GST-Exempt Trust is a Tennessee trust whose co-trustees are D. Mark Poag, an individual who is domiciled in and a citizen of the State of Texas; Joshua D. Poag, an individual who is domiciled in and a citizen of the State of Tennessee; and Jeremy M. Poag, an individual who is domiciled in and a citizen of the State of Washington. The beneficiaries of the Mark and Dan Poag 2004 GST-Exempt Trust are G. Dan Poag, Jr., D. Mark Poag, and D. Mark Poag's issue. G. Dan Poag, Jr.

Case No. 1:17-cv-02853-RBJ   Document 1   filed 11/28/17   USDC Colorado   pg 9 of 16

is domiciled in and a citizen of the State of Tennesse; and D. Mark Poag and his children are domiciled in and are citizens of the State of Texas.

(8) G. Dan Poag Jr. is an individual who is domiciled in and a citizen of the State of Tennessee;

(9) Chloee Poag is an individual who is domiciled in and a citizen of the State of Tennessee;

(10) Poag Brothers, LLC is a Tennessee limited liability company with three members—Joshua D. Poag, an individual who is domiciled in and a citizen of the State of Tennesse; Jeremy Poag, an individual who is domiciled in and a citizen of the State of Washington; and D. Mark Poag, an individual who is domiciled in and a citizen of the State of Texas;

(11) Joshua D. Poag is an individual who is domiciled in and a citizen of the State of Tennessee;

(12) W.V. Moll is an individual who is domiciled in and a citizen of the State of Tennessee;

(13) Mark Grambergs is an individual who is domiciled in and a citizen of the State of Tennessee;

(14) Edward Cronin is an individual who is domiciled in and a citizen of the State of Ohio.

Therefore, for purposes of diversity jurisdiction, Poag & McEwen Lifestyle Centers, LLC is a citizen of Utah, Tennessee, Washington, Texas, and Ohio; therefore, Poag & McEwen Lifestyle Centers, LLC is diverse from Plaintiffs.

24. Poag Shopping Centers, LLC is a Delaware limited liability company with seven members. The identity and citizenship for diversity purposes of Poag Shopping Centers, LLC's members are as follows:

{00464045.DOCX / 1}

(1) Joshua D. Poag and Amy Poag are individuals who are domiciled in and citizens of the State of Tennessee;

(2) Poag Family Special Investment I, LLC is a Delaware limited liability company with 2 members, Joshua D. Poag and Amy Poag, individuals who are domiciled in and citizens of the State of Tennessee;

(3) David Selberg is an individual who is domiciled in and a citizen of the State of Tennessee;

(4) Robert L. Rogers, Jr. and Mary Donna Rogers are individuals who are domiciled in and citizens of the State of Tennessee;

(5) Brian Smith is an individual who is domiciled in and a citizen of the State of Tennessee;

(6) Alesia Kempe is an individual who is domiciled in and a citizen of the State of Texas;

(7) Jeremy M. Poag is an individual who is domiciled in and a citizen of the State of Washington.

Therefore, for purposes of diversity jurisdiction, Poag Shopping Centers, LLC is a citizen of Tennessee, Texas, and Washington; therefore, Poag Shopping Centers, LLC is diverse from Plaintiffs.

25.     Poag Lifestyle Centers, LLC is a Delaware limited liability company with nine members.  The identity and citizenship for diversity purposes of Poag Lifestyle Centers, LLC's members are as follows:

(1) Joshua D. Poag and Amy Poag are individuals who are domiciled in and are citizens of the State of Tennessee;

(2) Joshua D. Poag is an individual who is domiciled in and a citizen of the State of Tennessee;

(3) Poag Family Special Investment I, LLC is a Delaware limited liability company with two members, Joshua D. Poag and Amy Poag, individuals who are domiciled in and citizens of the State of Tennessee;

(4) David Selberg is an individual who is domiciled in and a citizen of the State of Tennessee;

(5) Robert L. Rogers, Jr. is an individual who is domiciled in and a citizen of the State of Tennessee;

(6) Brian Smith is an individual who is domiciled in and a citizen of the State of Tennessee;

(7) Alesia Kempe is an individual who is domiciled in and a citizen of the State of Texas;

(8) Jeremy M. Poag is an individual who is domiciled in and a citizen of the State of Washington;

(9) Tim Thompson is an individual who is domiciled in and a citizen of the State of Tennessee.

Therefore, for purposes of diversity jurisdiction, Poag Lifestyle Centers, LLC is a citizen of Tennessee, Texas, and Washington; therefore, Poag Lifestyle Centers, LLC is diverse from Plaintiffs.

26. Poag Brothers, LLC is a Tennessee limited liability company with three members. The identity and citizenship for diversity purposes of Poag Brothers, LLC's members are as follows:

(1) Joshua D. Poag is an individual who is domiciled in and a citizen of the State of Tennessee;

(2) Jeremy M. Poag is an individual who is domiciled in and a citizen of the State of Washington;

(3) D. Mark Poag is an individual who is domiciled in and a citizen of the State of Texas.

Therefore, for purposes of diversity jurisdiction, Poag Brothers, LLC is a citizen of Tennessee, Washington, and Texas; therefore, Poag Brothers, LLC is diverse from Plaintiffs.

27.     Poag & McEwen Lifestyle Centers – Centerra, LLC is a Delaware limited liability company with two members. The identity and citizenship for diversity purposes of Poag & McEwen Lifestyle Centers – Centerra, LLC's members are as follows:

(1) Centerra & Dos Lagos Venture, LLC is a Delaware limited liability company with one Member, Poag & McEwen Lifestyle Centers, LLC. As detailed in Paragraph 23, above, Poag & McEwen Lifestyle Centers, LLC is a citizen of Utah, Tennessee, Washington, Texas, and Ohio.

(2) Opportunistic Real Estate Development, LLC is Delaware limited liability company with five members.  The identity and citizenship for diversity purposes of Opportunistic Real Estate Development, LLC's members are as follows:

(a) Joshua D. Poag and Amy Poag are individuals who are domiciled in and are citizens of the State of Tennessee;

(b) Chloee Poag is an individual who is domiciled in and a citizen of the State of Tennessee;

(c) G. Dan Poag is an individual who is domiciled in and a citizen of the State of Tennessee;

(d) Robert L. Rogers, Jr. is an individual who is domiciled in and a citizen of the State of Tennessee;

(e) Terry McEwen is an individual who is domiciled in and a citizen of the State of Utah.

Therefore, for purposes of diversity jurisdiction, Opportunistic Real Estate Development, LLC is a citizen of Tennessee and Utah.

Based on the above, Poag & McEwen Lifestyle Centers – Centerra, LLC is a citizen of Utah, Tennessee, Washington, Texas, and Ohio; therefore, Poag & McEwen Lifestyle Centers – Centerra, LLC is diverse from Plaintiffs.

28. Despite being named by Plaintiffs as a Defendant, Poag & McEwen Lifestyle Shopping Centers, LLC is not an existing entity. The proper name for this LLC Defendant is PM Lifestyle Shopping Centers, LLC, which is a Delaware limited liability company with one (1) member, Poag & McEwen Lifestyle Centers, LLC. As detailed in Paragraph 23, above, for purposes of diversity jurisdiction, Poag & McEwen Lifestyle Centers, LLC is a citizen of Utah, Tennessee, Washington, Texas, and Ohio. Accordingly, PM Lifestyle Shopping Centers, LLC is a citizen of Utah, Tennessee, Washington, Texas, and Ohio; therefore, PM Lifestyle Shopping Centers, LLC is diverse from Plaintiffs.

29. Based on the above, each of the LLC Defendants is diverse from Plaintiffs.

30. Requisite diversity jurisdiction exists if all parties on one side are of citizenship diverse to that of all parties on the other side. *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). As detailed above, each of the Defendants in this action is diverse to Plaintiffs; therefore, complete diversity exists.

31. In addition to the necessary complete diversity, the amount in controversy in this action exceeds the requisites of 28 U.S.C. § 1332(a). Plaintiffs' Civil Cover Sheet states that Plaintiffs are seeking a monetary judgement in excess of $100,000, exclusive of interest and costs. Moreover, in the Prayer for Relief section of Plaintiffs'

Complaint filed in the State Action, Plaintiffs are seeking as "[g]eneral damages" in the amount of "$92,200,000" against the individual defendants and the defendant trustees. These damages are in addition to other damages being sought by Plaintiffs in their Complaint, including one and one-half times the value of assets allegedly fraudulently transferred from the entity defendants to avoid payment of a judgment in the amount of $42,006,032.50, exemplary damages, and attorneys' fees and costs. It is ineluctable that damages being sought by Plaintiffs, as pleaded by them, well exceed the jurisdictional threshold for diversity of $75,000; therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

32. Defendant PSC will promptly give notice of removal, as required by 28 U.S.C. § 1446(d), to the Clerk of the District Court of the County of Larimer, Colorado, as well as to Plaintiffs' counsel.

33. Pursuant to D.C.Colo.L.R. 81.1, a current docket sheet (register of actions) from the State Action is attached hereto as **Exhibit C**.  Defendant PSC certifies that no hearing has been set in the State Action.

WHEREFORE, Defendant Poag Shopping Centers, LLC requests that the Court accept the State Action as properly removed from the District Court, County of Larimer, Colorado.

Dated: November 28, 2017.

                                                                  s/ Devin N. Visciano
                                                                  ***Frank W. Visciano***
                                                                  ***Devin N. Visciano***
                                                                  Senn Visciano Canges P.C.
                                                                  1700 Lincoln Street, #4300
                                                                  Denver, CO  80203
                                                                  Telephone: 303-298-1122
                                                                  Facsimile: 303-296-9101

Email: fvisciano@sennlaw.com;
dvisciano@sennlaw.com
Attorneys for Defendant Poag Shopping Centers, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants as follows:

Via certified mail, return receipt requested:

David A. Robinson
Enterprise Counsel Group, ALC
Three Park Plaza, Suite 1400
Irvine, CA  92614

Via mail:

Clerk of the Larimer County District Court
201 La Porte Avenue
Suite 100
Ft. Collins, CO 80521

s/ Becky Guinn
Becky Guinn
