IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-02853-RBJ

MCWHINNEY HOLDING COMPANY, LLLP, et al.,

    Plaintiffs,

v.

G. DAN POAG, an individual, et al.,

    Defendants.

## ORDER re PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs move to amend the Court's Final Judgment entered on May 7, 2021 to include pre-judgment interest, post-judgment interest and costs. ECF No. 384. The issues have been fully briefed. Plaintiffs' motion is granted in part, and interest and costs are added as set forth in this order.

## BACKGROUND

The dispute arises from a 2004 joint venture created by brothers Chad and Troy McWhinney, on the one hand, and Dan Poag, his son Josh Poag, and their partner Terry McEwen, on the other hand. The purpose of the joint venture was to develop a high-end "lifestyle" shopping center on the McWhinneys' property in Larimer County, Colorado. The project did not go as planned, and the shopping center was ultimately lost in foreclosure. The McWhinneys filed suit in the Larimer County District Court in 2011. After years of discovery and other pretrial matters, the state court held a trial in two phases. Following Phase I the court found in favor of a McWhinney entity (often referred to as "MCLC") and against a Poag & McEwen entity ("P&M") on claims of breaches of contract and fiduciary duties imbedded in the

operating agreement. The state court entered judgment for MCLC in the amount of $42,006,032.50 plus interest. ECF No. 22. The judgment has never been paid.

Phase II marked the beginning of the McWhinneys' collection efforts, as they claimed that another Poag & McEwen entity ("PMLC") was the alter ego of P&M. The state court found that PMLC and P&M were not alter egos. ECF No. 132. The McWhinneys also filed a separate lawsuit in state court against the Poags, McEwen, and entities related to them, once again in an effort to collect their judgment. That lawsuit was removed to federal court in 2017 and is the case presently at issue.

The size of the file reflects the intensity of the litigation of this case. After various continuances, the case was set for a jury trial on May 3, 2021. Shortly before trial plaintiffs and the Poag defendants settled. The case proceeded to trial against Mr. McEwen. On May 6, 2021 the jury found in favor of the plaintiffs and against Mr. McEwen on their first claim (aiding and abetting P&M's breach of fiduciary duties; their third claim (fraudulent concealment); their fourth claim (fraudulent misrepresentation); and their fifth claim (civil conspiracy). The jury found that plaintiffs had sustained total damages of $156 million, and it apportioned the damages 15% to Mr. McEwen and 85% to Dan and Josh Poag. ECF No. 379 (jury verdict, juror names redacted).

On May 7, 2021 this Court entered judgment in favor of the plaintiffs and against Terry McEwen in the amount of $23,400,000 (15% of $156 million) plus interest and costs in amounts to be determined. ECF No. 380. Plaintiffs have filed the pending motion explaining the amounts of interest and costs they seek. Mr. McEwen disputes the amount of interest requested. In their reply plaintiffs have acknowledged that they made one substantial error in their interest calculation, and they have reduced their claim, but not to the extent that the parties could agree.

2

## FINDINGS AND CONCLUSIONS

The parties do not dispute that pre-judgment interest should be calculated at the state rate of eight percent compounded annually pursuant to Colo. Rev. Stat. § 5-12-102(1)(b). They agree that post-judgment interest should be calculated at the federal rate determined as set forth at 28 U.S.C. § 1961. They have settled on the amount of costs, i.e., $21,737.33. ECF No. 406 at 2. Also, plaintiffs have requested that pre-judgment interest be calculated only on 15% of the state court's judgment amount ($6,300,904.87), not on the entire $23.4 million of plaintiffs' total damages that the jury attributed to Mr. McEwen. That is not disputed.

The dispute concerns the date on which pre-judgment interest should begin to run. Plaintiffs proposed April 23, 2007, the date on which the Poags and McEwen secretly entered into a "Mezzanine loan" of $40 million so that the Poags could buy out McEwen's interest in the Poag-McEwen entities at the expense of the joint venture rather than at the Poags' expense. Mr. McEwen proposes June 30, 2010, the date on which the subject property was ultimately sold in foreclosure.

I suspect that, as a practical matter, the date may not mean much, unless Mr. McEwen has resources greater than what he has claimed to have. In any event, I agree with the plaintiffs. Colorado law applies to the determination of prejudgment interest in this diversity case. *See, e.g., Xiong v. Knight Transportation, Inc.,* 77 F. Supp. 3d 1016, 1024 (D. Colo. 2014). That does not appear to be disputed. Under Colo. Rev. Stat. § 5-12-102, the prevailing party is entitled to prejudgment interest on money or property that is "wrongfully withheld." The statutory rate is 8% compounded annually. That, too, does not appear to be disputed.

Under that statute prejudgment interest for breach of fiduciary duty runs from the date of the breach. *Vento v. Colorado National Bank—Pueblo,* 907 P.2d 642, 647 48 (Colo. App. 1995).

3

The evidence established that the decision to enter into the Mezzanine Loan was the triggering event that led to the inability of the parties to obtain a permanent loan and the loss of the property in foreclosure.  The Court finds that the date the Mezzanine Loan closed, April 23, 2007, is the date of the breach, i.e., the date after which the money or property was wrongfully withheld.  The McWhinneys have volunteered to apply the prejudgment interest rate to their 15% of the state court judgment ($6,300,904.87) rather than to the $24,300,000 awarded by the jury.  That makes sense in that the oft-expressed goal of the McWhinneys since the state court judgment was to collect that judgment.  Both parties have calculated prejudgment interest at $12,362,860.65 if April 23, 2007 is determined to be the date of wrongful withholding.  ECF Nos. 404 (response brief) at 3; 405 (reply brief) at 4.  Defendant has not challenged plaintiffs' determination of the applicable federal rate for calculation of post-judgment interest (0.054%).  The daily amount of prejudgment interest is slightly different from plaintiffs' calculation due to the parties' agreement to an amount of costs lower than that which was used in plaintiffs' calculation.

## ORDER

An Amended Final Judgment will issue including awards of $21,737.33 in costs; $12,362,860.65 in prejudgment interest; and post-judgment interest from the date of judgment at $52.9 per day until the judgment is satisfied.  The Court once again urges the parties to negotiate a realistic settlement that will be paid and that will bring an end not only to this case but to any issues still remaining in the state court case.

DATED this 19th day of July, 2021.

BY THE COURT:

5

_[signature: Brooke Jackson]_

_____
R. Brooke Jackson
United States District Judge